J-A07023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.N. | : | No. 1728 MDA 2017 |

Appeal from the Order Entered October 31, 2017
in the Court of Common Pleas of Lackawanna County
Orphans' Court at No(s): 2015-FC-41365

BEFORE: PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.: **FILED JUNE 27, 2018**

M.G. ("Father") appeals from the October 31, 2017 order granting B.N.'s

("Mother's") petition to modify the parties' child custody arrangement and

permitting Mother to relocate with E.M.G. ("Child"), the parties' three-year-

old son. We affirm.

The trial court summarized the factual background and procedural

history of this case as follows:

> On October 22, 2015, Father filed a complaint in custody seeking
> primary physical custody and legal custody of Child. A conciliation
> conference was scheduled for December 1, 2015. Prior to the
> conciliation conference, Father and Mother entered into a
> stipulated interim order dated November 12, 2015 where the
> parties agreed to have shared legal and physical custody of Child.
> The parties appeared on December 1, 2015 for the conciliation

_____

* Former Justice specially assigned to the Superior Court.

conference. At that time, the parties entered into a stipulation, which was made an order of court dated December 9, 2015.[1]

On March 31, 2016, Mother filed a petition for modification of custody averring that the current custody schedule was no longer in the best interest of Child as a result of too many custody exchanges between the parties that have a high level conflict of with each other, among other things. The parties agreed to co-parenting classes and to have the prior order remain in effect with a review before the trial court within 60 days.

＊ ＊ ＊

On February 2, 2017, Mother filed a petition for modification of custody. Then, on March 23, 2017, Mother filed a petition for relocation.

Trial Court Opinion, 11/29/17, at 1-4 (cleaned up).

On October 31, 2017, the trial court granted Mother's petition for relocation permitting her to move from Lackawanna County, Pennsylvania to Philipsburg, New Jersey. The trial court also modified the parties' custody arrangement by granting (1) Mother physical custody from 4:00 p.m. Sunday to 4:00 p.m. Wednesday; Father physical custody from 4:00 p.m. Wednesday to 9:00 a.m. Saturday; and (3) each party, on alternating weeks, physical custody from 9:00 a.m. Saturday to 4:00 p.m. Sunday. This timely appeal followed.[2]

Father presents three issues for our review:

_____

[1] Such stipulation provided for multiple exchanges each day in order to maximize Father's time with Child when Mother was working and vice versa.

[2] Father included all issues raised on appeal in his concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

- 2 -

1. Whether the trial court abused its discretion and erred as a matter of law in denying Father's [request for primary physical custody]?

2. Whether the trial court abused its discretion and erred as a matter of law in finding that Mother's proposed relocation is in [Child's] best interests pursuant to the relocation factors at 23 Pa.C.S.[A.] §5337(h)?

3. Whether the trial court abused its discretion and erred as a matter of law in adopting Mother's proposed custody schedule before the completion of the hearing regarding Mother's proposed relocation, contrary to 23 Pa.C.S.[A.] §5337(f)?

Father's Brief at 10.[3]

In his first issue, Father argues the trial court erred in modifying the parties' custody schedule and not granting him primary physical custody of Child. This argument is waived. Father does not set forth any argument in his brief as to how the trial court erred in this respect. Instead, he incorporates by reference the analysis of the factors listed in 23 Pa.C.S.A. § 5328 regarding the modification of custody orders contained in a pleading he filed before the trial court. **See** Father's Brief at 26. As our Supreme Court has explained, "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief." **Commonwealth v. Briggs**, 12 A.3d 291, 343

---

[3] We have renumbered the issues for ease of disposition.

(Pa. 2011) (citation omitted); *see* Pa.R.A.P. 2119(a). Accordingly, Father's first issue is waived. *See* Pa.R.A.P. 2101, 2119(a).

In his second issue, Father challenges the trial court's order permitting Mother's relocation. He argues that the trial court's order deprives Child of the frequency and continuity of daily contact with Father and his extended family in Lackawanna County. Father asserts that Mother's sole reason for relocation is her own desire to move out of her parents' home in Lackawanna County and into the residence of her fiancé, E.J. ("Fiancé"). Father contends that Mother's relocation is not motivated by a new employment opportunity. Instead, he believes Mother will financially depend on Fiancé if she moves to New Jersey. Father asserts that there is no evidence in the record to show that Child was ever harmed by the daily contact with both parties and numerous extended family members in Lackawanna County, and that neither obtaining additional exclusive space nor reducing the number of custody exchanges supports a relocation to New Jersey.

We review a trial court's relocation order for an abuse of discretion and our scope of review is plenary. *S.J.S. v. M.J.S.*, 76 A.3d 541, 547 (Pa. Super. 2013) (citation omitted). A trial court must consider the following factors when considering a custodial parent's request to relocate:

> (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h).

The sole issue Father preserved related to these factors is whether the trial court's factual findings with respect to the first, second, sixth and seventh relocation factors are supported by the record. Father does not set forth argument in his brief with respect to the other six factors. Hence, any

argument related to those factors is waived. *See* Pa.R.A.P. 2119(a). We conclude that the trial court's factual findings with respect to the first, second, sixth and seventh relocation factors are supported by the record.

With respect to the first factor, the trial court recognized the bonds Child has with both parties and their extended families in Lackawanna County. Nonetheless, it found the first factor weighed in favor of permitting Mother's relocation because the relocation would not interfere with Child's relationships with Father or the parties' extended families. Specifically, the trial court noted that the parties' revised custody arrangement ensures that Child is present during Thursday dinners Father has with his extended family and permits Child to be present for one-half of the Sunday dinners Father has with his immediate family. *See* N.T., 7/14/17, at 138, 211-212. Moreover, the trial court found that Maternal Grandmother travels to New Jersey between two and four times per month and would be available to assist Mother in caring for Child in New Jersey. N.T., 6/7/17, at 66. These factual determinations were reasonable in light of the evidence presented at the custody trial. Hence, we will not disturb the trial court's factual findings with respect to section 5337(h)(1).

The trial court found the second relocation factor neutral. It concluded that, because Child was not attending school nor did he have any meaningful friendships, moving to New Jersey would not affect his physical, educational, or emotional development. Moreover, the trial court noted that Child could still attend the daycare Father preferred on those days Father has custody of

Child. These factual findings are reasonable in light of the evidence presented at the custody trial. Therefore, we will not disturb the trial court's factual findings as to section 5337(h)(2).

Father focuses on the economic effect of the relocation on Mother when discussing the sixth relocation factor. Father ignores the plain language of section 5337(h)(6), which requires trial courts to consider the emotional effect a potential relocation will have on the relocating parent. Father concedes in his brief that the relocation will benefit Mother emotionally. **See** Father's Brief at 18-19. With respect to the economic portion of section 5337(h)(6), the trial court credited Mother's testimony that the new employment opportunity was beneficial in the long run. The trial court reasoned that the ability to expand a dance program year-round outweighed working more hours nine months per year. This was a reasonable factual determination supported by Mother's former guardian's testimony along with her current employer's testimony. **See** N.T, 6/7/17, at 35 and 152. Father's arguments as to why the move will not benefit Mother go to the weight of the evidence. As an appellate court, we may not reweigh the evidence where, as here, the trial court's factual findings are supported by the record and the weighing of the evidence is neither arbitrary nor capricious. Hence, we will not disturb the trial court's factual findings or weighing of the evidence related to section 5337(h)(6).

The trial court's factual findings with respect to the seventh relocation factor are also supported by the record. The trial court credited Mother's testimony that relocating would help facilitate a shared custody schedule with Father. Moreover, Child will have his own bedroom and a shared playroom in the New Jersey residence. *Id.* at 178. As Child is not attending school, the trial court reasonably determined that it would enhance his quality of life to have smoother custody exchanges, his own bedroom, and his own playroom. Father's arguments as to why the move will not benefit Child go to the weight of the evidence. As an appellate court, we may not reweigh the evidence where, as here, the trial court's factual findings are supported by the record and the weighing of the evidence is neither arbitrary nor capricious. Hence, we will not disturb the trial court's factual findings as to the seventh relocation factor.

Father also argues that the trial court's relocation decision evidenced bias. To the extent Father argues that the trial court should have recused itself, this argument is waived. *See League of Women Voters of Pennsylvania v. Commonwealth*, 179 A.3d 1080, 1086 (Pa. 2018) (citation omitted) (party must seek recusal at the earliest opportunity possible). To the extent that Father argues that the trial court abused its discretion by granting Mother's relocation request as a result of bias, this argument is without merit. The trial court carefully considered the testimony given at the entire custody trial and issued detailed factual findings and conclusions of law.

There is no evidence that the trial court was biased against Father. Hence, Father is not entitled to relief on his second claim of error.

In his final issue, Father argues that the trial court improperly granted Mother's request to modify the parties' custody arrangement at the conclusion of the first day of the custody trial. To the extent Father challenges that interim order, this issue is moot. "If events occur to eliminate the claim or controversy at any stage in the process, the [issue] becomes moot." ***In re S.H.***, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted). This Court has held that a challenge to an interim custody order becomes moot when a final custody order is entered. ***K.W. v. S.L.***, 157 A.3d 498, 499 n.1 (Pa. Super. 2017). To the extent that Father argues that this interim order evidences the trial court's bias, we reject that argument for the reasons set forth above. Therefore, Father is not entitled to relief on his third claim of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2018

- 9 -